United States District Court
Southern District of Texas
**ENTERED**
October 19, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER HINTON, JR., <br> TDCJ #1839405, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-16-1054 |

## MEMORANDUM OPINION AND ORDER

State inmate Walter Hinton, Jr., has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1), seeking relief from a murder conviction entered against him in Harris County Cause No. 1316867, which resulted in a life sentence. Pending before the court is Respondent's Motion to Stay and Administratively Close the Proceedings or, Alternatively, to Dismiss the Petition as Unexhausted ("Respondent's Motion") (Docket Entry No. 18). Hinton has not filed a response, and his time to do so has expired. After considering all of the pleadings and the applicable law, this case will be dismissed without prejudice for the reasons explained below.

## I. Background and Procedural History

On February 13, 2013, Hinton was convicted of murder in Harris County cause number 1316867 and sentenced to life imprisonment.[1] Hinton's conviction was affirmed on direct appeal in an unpublished opinion. See Hinton v. State, No. 14-13-00116-CR (Tex. App.— Houston [14th Dist.] April 17, 2014). The Texas Court of Criminal Appeals refused his petition for discretionary review on July 23, 2014.[2] Because Hinton did not file a petition for a writ of certiorari with the United States Supreme Court, his conviction became final 90 days later on October 21, 2014. See Sup. Ct. R. 13(a). That date triggered the statute of limitations on federal habeas corpus review, which expired one-year later on October 21, 2015. See 28 U.S.C. § 2244(d)(1)(A).

Hinton filed an application for a writ of habeas corpus with the trial court on October 15, 2015, seeking relief from his conviction under Article 11.07 of the Texas Code of Criminal Procedure.[3] Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Thus, the statute of limitations is presently tolled while Hinton's state habeas application is pending.

---

[1] Petition, Docket Entry No. 1, p. 2.

[2] Id. at 3.

[3] Id. at 11; Motion For Stay of Proceedings, Docket Entry No. 3, p. 3.

-2-

On April 8, 2016, Hinton executed the pending federal habeas Petition under 28 U.S.C. § 2254, raising eleven grounds for relief:

1. Hinton's right to due process was violated when the prosecutor knowingly presented false testimony at trial.

2. Hinton was denied "any assistance" by his appellate counsel for purposes of a motion for new trial.

3. The trial court failed to apply the law of self-defense to the facts or add a lesser-included offense to the jury charge.

4. The state presented "No Evidence at trial" and failed to prove all essential elements of the charged offense.

5. Hinton was denied effective assistance of counsel at trial when his attorney failed to request an instruction on "Causation" in the jury charge.

6. Hinton was denied effective assistance of counsel at trial when his attorney allowed the prosecutor to use "Privileged Testimony."

7. Hinton was denied effective assistance of counsel at trial when his attorney failed to suppress testimony from jailhouse informant Brandon Bridges.

8. Hinton was denied effective assistance of counsel when his attorney failed to interview "Moeshe sister's Boyfriend," whose testimony would have resulted in a different verdict.

9. Hinton was denied effective assistance of counsel at trial when his attorney failed to request an instruction on the lesser-included offense of aggravated assault in the jury charge.

10. Hinton was denied effective assistance of counsel during the punishment phase of the trial when his attorney failed to argue or present mitigating evidence of manslaughter.

>     11. Hinton was denied effective assistance of counsel at trial when his attorney failed to subpoena Terrell Robinson as a material witness.[4]

At Hinton's request the court stayed this federal habeas proceeding on April 20, 2016, while Hinton pursued his state court remedies.[5] The court did not, however, administratively close the case.

On March 7, 2018, the court issued an Order directing Hinton to provide a status report on his state habeas corpus proceeding.[6] After Hinton advised the court that his state habeas application had been pending for two years with no activity,[7] the court requested an answer from the respondent.[8] Noting that the state courts are actively litigating Hinton's pending application for relief under Article 11.07, the respondent now moves to either continue the stay and administratively close the case or, alternatively, dismiss the case without prejudice for lack of exhaustion.[9]

## II. Discussion

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in

---

[4]Petition, Docket Entry No. 1, pp. 10, 13-19.

[5]Order to Stay, Docket Entry No. 4.

[6]Order, Docket Entry No. 5, p. 2.

[7]Reply to Court's Order, Docket Entry No. 8, pp. 1-2.

[8]Order for an Answer, Docket Entry No. 9.

[9]Respondent's Motion, Docket Entry No. 18, pp. 1-2, 6.

-4-

custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas [corpus] relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

Hinton's state habeas application remains pending before the trial court, and the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. The court takes judicial notice of records from the Harris County District Clerk's Office, which are referenced in Respondent's Motion,[10] confirming that Hinton's state habeas corpus application is under active consideration by the trial court, which

---

[10]Respondent's Motion, Docket Entry No. 18, pp. 1-2, 5.

has issued several orders in the past few months to obtain affidavits from Hinton's attorneys and others involved in his criminal case.[11] Because the record does not disclose "inordinate delay" that is "wholly and completely the fault of the state," exhaustion cannot be excused. Deters v. Collins, 985 F.2d 789, 796 (5th Cir. 1993) (citations omitted). Under these circumstances, comity requires this court to defer until after the state courts have completed review of the petitioner's claims, which will necessarily depend on fact-finding by the state habeas corpus court.

Although the respondent proposes a stay, this case has been stayed already and has been pending on the court's active docket for over two years. The Supreme Court has commented that an unexhausted habeas petition "should not be stayed indefinitely." Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005). Mindful of the statute of limitations, the court will dismiss the case without prejudice to the petitioner seeking reinstatement in the event that the Texas Court of Criminal Appeals issues an adverse decision on his pending state application.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

---

[11] See Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited Oct. 18, 2018).

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner shows that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent's Motion to Stay and Administratively Close the Proceedings is **DENIED**, but the Motion to Dismiss the Petition as Unexhausted is **GRANTED**

-7-

**without prejudice** for lack of exhaustion (Docket Entry No. 18).

2. Walter Hinton, Jr.'s, Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

3. To proceed with his claims for federal relief Hinton is directed to file a written "Motion to Reinstate" this case no later than **thirty (30) days** after the Texas Court of Criminal Appeals issues an adverse decision on his pending state court habeas corpus application in Harris County Cause No. 1316867. The court will then reopen this case and issue a new briefing schedule.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 19th day of October, 2018.

---
SIM LAKE
UNITED STATES DISTRICT JUDGE