United States District Court
Southern District of Texas
**ENTERED**
December 04, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WALTER HINTON, JR., § <br> TDCJ #1839405, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § CIVIL ACTION NO. H-16-1054 <br> BOBBY LUMPKIN, Director, § <br> Texas Department of Criminal § <br> Justice - Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | |

### MEMORANDUM OPINION AND ORDER

Walter Hinton, Jr., has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief under 28 U.S.C. § 2254 from a murder conviction entered against him in Harris County, Texas. The case was previously stayed and then dismissed without prejudice for lack of exhaustion, but was reinstated recently on Hinton's motion (Docket Entry Nos. 4, 19, 22). Director Bobby Lumpkin of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") has filed Respondent's Answer with Brief in Support ("Respondent's Answer") (Docket Entry No. 35). Hinton has not yet filed a reply. Instead, Hinton has filed Petitioner's Motion for Leave of Court to Amend § 2254 Habeas Corpus Application Pursuant to Fed. R. Civ. P. Rule 15 ("Petitioner's Motion to Amend") (Docket

Entry No. 42) along with an Amended Petition for a Writ of Habeas Corpus By a Person in State Custody ("Amended Petition") (Docket Entry No. 40). Hinton has also filed a Request for Leave of Court to Suspend Fed. R. App. P. 25(e) Number of Copies Pursuant to F.R.A.P. Rule 2, Suspension of Rules ("Motion to Suspend Copy Requirement") (Docket Entry No. 43). In addition, Hinton has filed Petitioner's Objections to Court's Order ("Petitioner's Objections") (Docket Entry No. 44), which denied his request for a second stay of these proceedings. The court will grant Hinton's Motion to Amend, but will deny his Motion to Suspend Copy Requirement and his Objections for the reasons explained below.

## I. Background and Procedural History

On February 13, 2013, Hinton was convicted of murder in Case No. 1316867 and sentenced to life imprisonment following a jury trial in the 262nd District Court for Harris County, Texas.[1] Hinton challenged the sufficiency of the evidence on direct appeal, but his argument was rejected, and the conviction was affirmed in an unpublished opinion. See Hinton v. State, No. 14-13-00116-CR, 2014 WL 1516151 (Tex. App. — Houston [14th Dist.] April 17, 2014, pet. ref'd).

On April 20, 2016, the court received a federal habeas corpus Petition from Hinton, who argued that he was entitled to relief

---

[1]Petition, Docket Entry No. 1, pp. 2-3. For purposes of this Memorandum Opinion and Order all page numbers refer to the pagination imprinted at the top of the page of each docket entry by the court's Electronic Case Filing ("ECF") system.

from his murder conviction under 28 U.S.C. § 2254 for the following reasons:

(1) He was denied due process at trial because the prosecutor engaged in misconduct by presenting false testimony from the assistant medical examiner.

(2) He was denied effective assistance of counsel on appeal when his appointed appellate attorney failed to file a motion for new trial.

(3) The trial court failed to apply the law of self-defense against multiple assailants to the facts of his case.

(4) His conviction violates due process because the prosecution failed to prove all elements of the offense.

(5) He was denied effective assistance of counsel at trial when his attorney failed to request a jury instruction on "Concurrent Causation."

(6) He was denied effective assistance of counsel at trial when his attorney allowed the prosecutor to present privileged testimony from Hinton's wife.

(7) He was denied effective assistance of counsel at trial when his attorney failed to suppress testimony from jailhouse informant Brandon Bridges.

(8) He was denied effective assistance of counsel at trial when his attorney failed to interview "Moeshe['s] sister's Boyfriend."

(9) He was denied effective assistance of counsel at trial when his attorney failed to request a jury instruction on the lesser-included offense of aggravated assault.

(10) He was denied effective assistance of counsel during the punishment phase of his trial when his attorney failed to argue mitigating evidence of manslaughter.

> (11) He was denied effective assistance of counsel at trial when his attorney failed to subpoena the victim's son, Terrell Robinson, as a material witness.[2]

The record reflects that Hinton raised several of these claims in an Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("State Habeas Application"), which he filed with the trial court on October 26, 2015.[3] Hinton also raised some of these claims in an amended Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("Amended State Habeas Application"), which he filed with the trial court on February 29, 2016.[4]

After receiving Hinton's federal Petition, which is dated April 8, 2016,[5] the court stayed this case at Hinton's request because his state habeas corpus proceeding remained pending before the trial court.[6] Subsequently, the court dismissed Hinton's federal Petition without prejudice for failure to exhaust state

---

[2] Petition, Docket Entry No. 1, pp. 13-19.

[3] State Habeas Application, Docket Entry No. 33-1, pp. 6-23.

[4] Amended State Habeas Application, Docket Entry No. 33-2, pp. 48-53 and continued at Docket Entry No. 33-3, pp. 1-16.

[5] Petition, Docket Entry No. 1, p. 10. Because Hinton is imprisoned, his pleadings are considered to have been filed on the date he executed them and placed them in the prison mail system for delivery to the court. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (explaining that a prisoner's pro se pleadings are considered filed under the prison mailbox rule on the date they are delivered to prison authorities for filing).

[6] Order to Stay, Docket Entry No. 4, p. 4.

court remedies before seeking federal review as required by 28 U.S.C. § 2254(b).[7] The court authorized Hinton to seek reinstatement once the Texas Court of Criminal Appeals adjudicated the applications he submitted in his pending state habeas corpus proceeding.[8]

On April 27, 2023, the court reinstated this federal habeas proceeding after Hinton advised that the Texas Court of Criminal Appeals denied him state habeas corpus relief on March 29, 2023.[9] The record confirms that the trial court entered findings of fact and conclusions of law, recommending that relief be denied,[10] and the respondent acknowledges that the Texas Court of Criminal Appeals denied relief without a written order based on those findings and its own independent review of the record.[11]

## II. Hinton's Motion to Amend

After Director Lumpkin filed Respondent's Answer to the foregoing eleven claims, Hinton requested leave to amend to include three additional grounds for relief that were not included among

---

[7]Memorandum Opinion and Order, Docket Entry No. 19, pp. 7-8.

[8]Id. at 6, 8.

[9]Order to Reinstate and Request for Answer, Docket Entry No. 22, pp. 1-2.

[10]State's Proposed Findings of Fact, Conclusions of Law and Order Following Remand ("Findings and Conclusions"), Docket Entry No. 33-34, pp. 31-43.

[11]Respondent's Answer, Docket Entry No. 35, pp. 3-4 (referencing the Texas Court of Criminal Appeals' decision).

the grounds asserted previously in his federal Petition.[12] The Amended Petition submitted by Hinton includes the following additional grounds for relief, raising the number of claims from eleven to fourteen:

> (12) He was denied effective assistance of counsel when his trial attorney failed to object to language in the jury instructions regarding the state's burden of proof.
>
> (13) He was denied effective assistance of counsel when his trial attorney failed to retain an independent ballistics expert.
>
> (14) He was denied effective assistance of counsel when his trial attorney failed to obtain an independent expert to refute the state's forensic evidence about the victim's gunshot injuries.[13]

The record reflects that Hinton raised these grounds for relief in a second amended Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("Second Amended State Habeas Application"), which was submitted to the trial court on July 12, 2021, and was part of the record reviewed by the Texas Court of Criminal Appeals.[14] To the extent that these claims appear to have been adjudicated on the merits by the Texas Court of Criminal Appeals when it denied relief without a written order, the court

---

[12]Petitioner's Motion to Amend, Docket Entry No. 42, p. 2.

[13]Amended Petition, Docket Entry No. 40, pp. 6-7 (adding proposed grounds 12 through 14).

[14]See Second Amended State Habeas Application, Docket Entry No. 33-17, pp. 117-25, 132 (reflecting that these claims were submitted in state court on July 12, 2021, after Hinton had filed his federal Petition in 2016).

will grant Hinton's request for leave to amend. The respondent will be given additional time to file an amended or supplemental answer regarding the merits or any procedural impediment to relief on these claims.

### III.  Hinton's Motion Regarding Copies and Objections

Hinton has filed a motion asking the court to suspend the requirement found in Rule 25(e) of the Federal Rules of Appellate Procedure that he furnish copies of his pleadings.[15] The Federal Rules of Appellate Procedure do not apply to district court proceedings. See Fed. R. App. P. 1(a)(1) ("These rules govern procedure in the United States courts of appeals."). As directed previously, Hinton must provide copies of all pleadings to the respondent through his counsel of record.[16] Because Hinton has not provided a valid reason why he cannot provide a handwritten copy of his pleadings to the respondent's counsel, his Motion to Suspend the Copy Requirement will be denied.

Hinton has also filed Objections to a previous court order,[17] which denied his request for a second stay in this case.[18] As noted previously, Hinton has not established that a second stay is necessary or that he meets the criteria for a stay found in Rhines

---

[15] Motion to Suspend Copy Requirement, Docket Entry No. 43.

[16] Order to Reinstate and Request for Answer, Docket Entry No. 22, pp. 3-4 ¶ 7.

[17] Petitioner's Objections, Docket Entry No. 44.

[18] Order, Docket Entry No. 39, p. 4.

v. Weber, 125 S. Ct. 1528, 1534-35 (2005).[19]  Because Hinton does not show that a second stay is warranted, the court will deny Hinton's Objections.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Petitioner's Motion for Leave of Court to Amend § 2254 Habeas Corpus Application Pursuant to Fed. R. Civ. P. Rule 15 (Docket Entry No. 42) is **GRANTED**.

2. The Clerk shall provide a copy of the Amended Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 40) to the respondent's counsel of record, who shall have **60 days** from the date of this Memorandum Opinion and Order to file any supplemental answer or other appropriate responsive pleading. The petitioner shall have **30 days** from the date shown on the respondent's certificate of service to file a reply.

3. The petitioner's Request for Leave of Court to Suspend Fed. R. App. P. 25(e) Number of Copies Pursuant to F.R.A.P. Rule 2, Suspension of Rules (Docket Entry No. 43) is **DENIED**.

4. Petitioner's Objections to Court's Order (Docket Entry No. 44) is **DENIED**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 4th day of December, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[19] Id. at 2-3.